UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ALLEN RUSSELL,

            Plaintiff,            Case No. 1:07-cv-662

v.                                 Honorable Richard Alan Enslen

PATRICIA CARUSO et al.,

            Defendants.
_____/

### REPORT AND RECOMMENDATION

      Plaintiff Kenneth Russell, a state prisoner, filed a notice to remove this action from the Branch County Circuit Court pursuant to 28 U.S.C. § 1441. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's action be dismissed as frivolous and remanded to state court.

**Discussion**

I.      Factual allegations

Plaintiff is incarcerated in the Florence Crane Correctional Facility. Plaintiff pleaded guilty in the Crawford County Circuit to absconding while on bond and second-degree criminal sexual conduct (CSC II). The trial court sentenced him on January 9, 2002, to imprisonment of two to four years for the absconding conviction and three to fifteen years for the CSC II conviction. In his *pro se* petition for removal, Plaintiff names the following Defendants: Patricia Caruso, James Atterberry, Barbara Sampsom and Carol Howes.

Plaintiff, who names himself as "Kenneth Allen Russell(c)1975, Secured Party/Creditor, Third Party Interviener [sic] for: KENNETH ALLEN RUSSELL Inmate No. [390475]," seeks removal of "case file No. 07-02-07-AH Habeas Corpus action" from the Branch County Circuit Court. The vast majority of Plaintiff's forty-one-page petition is composed of nonsensical legalese. For example, Plaintiff alleges:

> **Claim for Relief**
> **Federal Rules of Civil Procedure, RUle [sic] 2**
> The Plaintiff is different in Citizenship compared to the Defendants and the Defendants citizenship is as follows: Defacto Corporate entities, ens ligis corporations, federalized citizens, STATE citizens, and the Authorized representative for the Plaintiff is Kenneth Allen Russell, Secured Party/Creditor, UCC No.200 701 9363-5 The Plaintiff herein as an American National Citizen, Provate Citizen/Sovereign Citizen, and has unalienable Rights.

(Notice of Removal, at 3.)[1] Plaintiff appears to allege that this Court has jurisdiction over what is, presumably, his petition in Branch County Circuit Court for relief under Michigan's habeas law.

---

[1] The Court will use the page numbers as assigned by CM/ECF for ease and clarity since Plaintiff has included numerous unnumbered pages and restarts his numbering throughout his Removal Notice.

II.     Merits

Plaintiff seeks removal of his state habeas action to this Court. The statute allowing for removal of state actions to federal Court is governed by 28 U.S.C. § 1441 et seq. Under 28 U.S.C. § 1441, a defendant may seek to remove a state action to federal court in certain circumstances. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). There are no provisions allowing for a plaintiff to seek removal of a civil action or, specifically, a habeas petition from state court. *See, e.g., Conner v. Salzinger*, 457 F.2d 1241, 1243 (3rd Cir. 1972).

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Because Plaintiff's request for a notice of removal lacks an arguable basis in law, it will be dismissed with prejudice as frivolous and remanded to the state court.[2]  28 U.S.C. § 1446(c)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.")

---

[2] The Court notes that Plaintiff has previously filed an action seeking writ of mandamus. See *Russell v. Howes*, No. 1:06-cv-644 (W.D. Mich. 2006). Plaintiff's prior action also consisted of "nonsensical legalese" and was dismissed as frivolous. (R&R at 2, docket #6, adopted by J., docket #11.)

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Petitioner's complaint be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and remanded to state court for further proceedings. Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Date:  August 15, 2007                                    /s/ Ellen S. Carmody
                                                          ELLEN S. CARMODY
                                                          United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).