UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH ALLEN RUSSELL #390475, | Case No. 1:07-cv-662 |
| Petitioner, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Carmody |
| PATRICIA CARUSO, Director of the Michigan Department of Corrections, JAMES ATTERBERRY, Parole Board Member, BARBARA SAMPSON, Parole Board Member, and CAROL HOWES, Warden at Florence Crane Correctional Facility, | |
| Respondents. | |

**<u>Order Adopting the R&R and Terminating the Case</u>**

This matter was referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, for a Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, No. 89-5720, 907 F.2d 151, 1990 WL

95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance.") (citing 28 U.S.C. § 636(b)(1)).

The Clerk's Office docket records indicate that the R&R issued on Wednesday, August 15, 2007, was mailed to the imprisoned petitioner on that date.

Federal Rule of Civil Procedure 6 begins, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." FED. R. CIV. P. 6(a). For the benefit of Mr. Russell, the court assumes – for purposes of this order only – that he did not receive the R&R until two weeks after it was mailed, namely on Wednesday, August 29, 2007. Thus, the ten-day objection period began on Thursday, August 30, 2007.

Rule 6 further provides, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). Thus the court excludes Saturday September 1, Sunday September 2, Monday September 3 (Labor Day), Saturday September 8, and Sunday September 9.

Thus, Russell's ten-day period for filing objections expired at midnight on Thursday, September 13, 2007.

Russell did not file objections to the substance of the R&R before that time,[1] so this court is not obligated to review the R&R's merits *de novo* or otherwise. As the United States Supreme Court has held,

---

[1] On August 23, 2007, Russell filed a notice asking the court not to refer to him with a prisoner number and making arguments under contract law and/or the Uniform Commercial Code. Neither this notice nor its attachments respond in any way to the R&R's reasoning and recommendation.

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Peretz v. US*, 501 U.S. 923, 939 (1991) (citation and internal quotation marks omitted).[2]

Furthermore, the failure to file timely specific objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> \* \* \*
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)© simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, citation to enacting legislation omitted).

---

[2] *See, e.g., Johnson v. Comm'r of Soc. Sec.*, – F. Supp.2d –, 2007 WL 2292440, \*1 (N.D. Ohio Aug. 7, 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.") (Gwin, J.).

In any event, the court finds the R&R to be well-reasoned.³ For the reasons explained by the R&R, federal statute does not authorize a plaintiff to remove a state-court civil action, habeas or otherwise, from state court to federal court. *See Hakim-El v. DTE Energy*, No. 07-cv-13659, 2007 WL 2541772, *1 (E.D. Mich. Aug. 31, 2007) ("Removal is a procedure available to defendants only. Plaintiffs may not remove a case from state to federal court."); *McCane v. McCane*, 47 F. Supp.2d

---

³

Accordingly, district judges in our circuit routinely adopt R&Rs without additional written analysis where the parties have not timely objected:

> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings."  * * *  Because neither party filed timely objections to Magistrate Judge Pepe's Report and Recommendation . . . this Court need not conduct a review.

*Brown v. US*, 2007 WL 2156283, *1 (E.D. Mich. July 25, 2007) (Gadola, J.) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). *See also:*

*Hart v. Ridge Tool Co.*, – F. Supp.2d –, 2007 WL 1983688, at *2 (N.D. Ohio July 5, 2007) (Nugent, J.);

*US v. Thornton*, – F. Supp.2d – , 2007 WL 1742160, at *1 (E.D. Ky. June 12, 2007) (Reeves, J.);

*US v. Stone*, – F. Supp.2d –, 2007 WL 1610499, at *1 (E.D. Ky. May 31, 2007) (Forester, J.);

*Powell v. Comm'r, Ky. Dep't of Corrs.*, 2007 WL 756363, at *1 (E.D. Ky. Mar. 8, 2007) (Hood, J.);

*Montalvo v. GMC*, 2006 WL 1888704, at *1 (N.D. Ohio July 7, 2006) (Zouhary, J.) ("Neither party objected to the Magistrate's Report. * * * Thus, the Court declines to review the Magistrate's report.");

*Tangwall v. Robb*, 2003 WL 23142190, at *1 (E.D. Mich. Dec. 23, 2003) (Lawson, J.) (where party's objections to R&R were untimely, court stated, "[T]he failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion [considered in the R&R].").

848, 851 (E.D. Mich. 1999) (Gadola, J.) ("By the plain language of sections 1441 and 1446, it is clear that the privilege of removal extends only to defendants, and not to plaintiffs.") (citing *Chicago R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) and *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941)). *Accord LaChance v. Talmadge*, 273 F.3d 1108, 2001 WL 1131963, *1 (5th Cir. Sept. 21, 2001); *McKenzie v. US*, 678 F.2d 571, 574 (5th Cir. 1982); *La Chemise Lacoste, Inc. v. Alligator Co, Inc.*, 506 F.2d 339, 343 n.4 (3d Cir. 1974). Consequently, this court lacks jurisdiction over Russell's state habeas case.

### ORDER

Accordingly, having reviewed Mr. Russell's habeas petition and notice of removal, the R&R, and Russell's August 23, 2007 filing, the court hereby **ADOPTS** the R&R [docket #6] and **REMANDS** this matter to the Circuit Court of Branch County, Michigan as required by 28 U.S.C. § 1446(c)(4).

This case is **TERMINATED.**

**This order is final, but it is not appealable.** *See Harris v. Detroit Pub. Schs.*, No. 06-1476, – F. App'x –, 2007 WL 2050645, at *4 n.6 (6th Cir. July 13, 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981)); *see also Claxton v. State of Arizona*, 995 F.2d 230, 1993 WL 191871 (9th June 4, 1993) (where plaintiff tried to remove his own case from state court to federal court, the district court's order remanding case to state court was not reviewable) (citing *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1539 (9th Cir. 1992)).[4]

---

[4] *See, e.g., Ramjit v. Moore*, – F. App'x –, 2007 WL 1958628, at *1 (6th Cir. July 2, 2007) (per curiam) (Gilman, Gibbons, & Griffin, JJ.) ("respondent waived this issue due to his failure to object on this ground to the magistrate judge's report and recommendation") (citing, *inter alia*, *Thomas v.*

**IT IS SO ORDERED this 30th day of October 2007.**

/s/ Paul L. Maloney

Paul L. Maloney
United States District Judge

---

*Arn*, 474 U.S. 140, 155 (1985));

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's report and recommendation. * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default.");

*US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.");

*Adkins v. United Mine Workers of America*, 61 F.3d 903, 1995 WL 44630, *3 (6th Cir. July 25, 1995) ("Because the plaintiffs did not file written objections to the magistrate's order within ten days, they have waived appellate review of this issue.") (citing *Thomas*, 474 U.S. at 155, and *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir. 1991)).